## GREEN & BLAKE v. THOMAS CLARK.

Where a defendant, in a deed of warranty, recites that a certain tract of land had been conveyed to him, he is estopped from denying that fact in a suit commenced against him by his grantee, or any person to whom his grantee has conveyed.

TRESPASS, *quare clausum fregit.*

Plea, not guilty, and trial by jury.

On the trial in the county court, the plaintiff gave in evidence a deed of warranty from the defendant to Samuel Twambly, dated March 30, 1824, duly executed and recorded, conveying the land in question, describing it as being " the same land which was deeded by Thomas Clark to Thomas Clark, jr.," the defendant. The plaintiffs also gave in evidence a deed from said Twambly to themselves, executed prior to the commission of the trespass complained of, conveying the same land, and introduced testimony tending to prove that said trespass was committed by the direction of the defendant.

The defendant offered to prove that the 'land, upon which the trespass was committed, was the property of Thomas Clark, the elder, previous to his decease, A. D. 1820 ; that on the death of Thomas Clark, the elder, the equal, undivided half of the premises, mentioned in the defendant's deed to Twambly, descended to his son and heir at law, Cary Clark, and that the said Cary Clark was now, by inheritance as aforesaid, the legal owner of the undivided half of said land, and that the defendant committed the acts, complained of as a trespass upon said premises, as the agent, and by the permission and direction of said Cary Clark. This evidence was objected to by the plaintiff, and excluded by the court, on the ground that, as the defendant had given said deed to Twambly, he was estopped, in this action, from showing any title to any part of said premises in Cary Clark, at the time of

his deeding to Twambly as aforesaid, or that Cary Clark owned any portion of said premises, by the title aforesaid, at the time of the commission of the trespass complained of. The jury, under the charge of the court, returned a verdict for the plaintiffs, and to the opinion and decision of the county court the defendant excepted.

FRANKLIN,
January,
1841.

Green &
Blake
v.
Clark.

*Smalley & Adams*, for defendant.

In actions of trespass to real property, title in the defendant and a right of entry is a sufficient justification. In this case, the entry upon the premises is the gist of the action. If the entry can be justified, the plaintiff's right of action is defeated.

Title in Thomas Clark, the elder, to the premises in question, and through him in Cary Clark, by descent, of an undivided portion of these premises, vested in Cary a title, in fee, as tenant in common with Thomas Clark or his grantee or assignee. If Cary Clark was tenant in common with the plaintiffs of the premises in question, trespass could not be maintained against him for entering thereon.

If Cary Clark had a right to enter, in person, he would be justified in directing the defendant to enter.

If Cary Clark could justify entering upon the premises in person, or directing the defendant to enter for him, can the defendant be made liable for doing an act as the agent and by the direction of Cary, which Cary would have been justified in doing in person, or by any other agent? Yet, such must be the effect of the defendant's deed to Twambly, if the decision of the county court, in this case, is sustained.

To give such effect to the covenants in the defendant's deed to Twambly, is carrying the doctrine of estoppel farther, we apprehend, than can be justified upon principle. 4 Cruise, 213, sec. 55, 56, 57.

*O. Stevens* and *G. W. Foster*, for plaintiffs.

The plaintiffs insist that the defendant is estopped from denying their title;—

1. Because the plaintiffs derived their title from one to whom the defendant conveyed the fee, by deed, with all the usual covenants.

2. Because the defendant, in said deed under seal, &c.

FRANKLIN,
January,
1841.

Green &
Blake
v.
Clark.

expressly declared the title he now attempts to set up in justification, to be in himself. 4 Kent's Com. 98. *Willoughby* v. *Brook*, Cro. Eliz. 756, and cases there cited and referred to in the margin. *Wilkinson* v. *Scott*, 17 Mass. R. 257. 1 Salk. 276. *Stow* v. *Wyse*, 7 Conn. R. 214, and cases there cited by *Daggett*, Justice. Cowper's Rep. 600.

3. If the defendant be estopped, the plaintiffs may take advantage of the estoppel, under the general issue. *Trevivan* v. *Lawrence, et al.* 1 Salk. 276. 1 Saund. 216, n. 2.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The question in this case is, whether the defendant could compel the plaintiffs, in this suit, to contest the title of Cary Clark? If the defendant had offered, in defence, a deed from Cary Clark to himself, it is not disputed that any title, derived under such deed, would have enured to the benefit of the plaintiff, and the defendant would have been estopped to set up any such title in himself. The doctrine of estoppel, as established by modern authority, is, that when a party has solemnly admitted a fact, by deed, under his hand and seal, he is estopped, not only from disputing the deed itself, but every fact which it recites. And when a party has had no opportunity to plead such estoppel, and has not waived it by omitting to plead it, he may avail himself of it, in evidence. If defendant had pleaded this title in Cary Clark, the estoppel might have been replied. Twambly, to whom the defendant conveyed, by deed of warranty, and the plaintiff, who claims from Twambly, could not be compelled to investigate nor prove a fact, admitted by the defendant in his deed, in any suit where the question might come up directly, incidentally or collaterally. It must be taken as true, as against this defendant, that Thomas Clark, the elder, had deeded the land in question to the defendant, and that the undivided half did *not* descend to Cary Clark. The argument, therefore, that Cary Clark could justly enter the premises, and cut the timber sued for, or direct the defendant, as his agent, or any other person, to enter and cut the timber, wholly fails, as the defendant is not at liberty to assume, as true, the facts which he offered to prove. As it respects Cary Clark, or any other person acting under him, his want of title, or the title of the plaintiff, must have been

shown by other evidence. But it is to be supposed that the admission of the defendant, in his deed to Twambly, is true, and that such evidence does exist. In a suit with this defendant, his admission is plenary evidence of the fact, and the plaintiff could not be compelled to resort to any other evidence. The dictum read from Cruise's digest, as found in the report of *Ischam* v. *Morrice*, Cro. Car. 109, would not sustain the defence, if it was sound. But, upon referring to the case, as reported by Croke, it is found not to sustain the position laid down by Cruise.

The judgment of the county court is affirmed.